ASAHEL BUCK, JR. *vs.* FRANKLIN O. SAYLES & others.

The provision in *St.* 1844, *c.* 178, § 9, that notice shall be given to a party, and that he shall have an opportunity to be heard, before a warrant is issued, on the petition of his creditor, to seize his property as that of an insolvent debtor, applies not only to a petition that sets forth any of the causes for such warrant which are enumerated in that statute, but also to a petition which sets forth any of the causes which are enumerated in the previous *St.* of 1838, *c.* 163.

THIS was a bill in equity, in which the plaintiff alleged that, on the 24th of May 1845, Franklin O. Sayles, a master in chancery, on the petition of Daniel T. Buck, a creditor of the plaintiff, issued a warrant against the plaintiff, commanding the sheriff of Berkshire, or either of his deputies, to take possession of the property of the plaintiff, and to keep it safely, until an assignee or assignees thereof should be appointed, according to the provisions of the insolvent laws of this Commonwealth : That the alleged ground of said petition to said Sayles was, that property of the plaintiff had been attached on mesne process, in a civil action founded upon a demand, proveable against the estate of an insolvent debtor, for more than one hundred dollars, and that the plaintiff had not, within fourteen days from the return day of the writ on

which said property was attached, dissolved said attachment in the manner provided in *St.* 1838, *c.* 163, § 20 : That Lyman Hall, a deputy of the sheriff of Berkshire, on the 27th of May 1845, by virtue of said warrant, took possession of the plaintiff's property, and forthwith gave public notice, as prescribed by law, that said warrant had issued, and in the same notice called a meeting of the plaintiff's creditors, to be held on the third Monday of June 1845, to prove their debts and to choose one or more assignees of the plaintiff's estate.

The prayer of the bill was, that said warrant, so issued by said Sayles, and all proceedings thereon, and all services and notices made and given by said Hall, and all proceedings, acts and doings of said Sayles and Hall, or of any other persons, by virtue of said warrant, might be set aside and annulled ; and that said Sayles might be enjoined and prohibited from further proceedings ; and that a writ of subpœna might issue, directed to said Sayles and Hall, and to said Daniel T. Buck, commanding them to appear, &c.

Among the allegations, in the bill, which formed the ground of the prayer thereof, was the following : That the warrant therein mentioned was issued by said Sayles, without ordering or giving any notice to the plaintiff of the presentment of the petition therefor, contrary to the provisions of *St.* 1844, *c.* 178, § 9.

The bill was filed on the 5th of June 1845, and *Dewey,* J. thereupon issued an injunction, to remain in force until the further order of this court, or some justice thereof, dissolving the same.

The answers of the defendants admitted the allegation in the bill, that the said warrant was issued without notice to the plaintiff.

*Rockwell,* for the plaintiff, now moved that the injunction be made perpetual ; and the court called upon the defendants' counsel to show cause why the motion should not be granted.

*Robinson & Byington,* for the defendants. Under *St.* 1838, *c.* 163, notice to the debtor was not necessary, before issuing a warrant for the seizure of his property. *Kimball* v. *Morris,*

2 Met. 5.3. *Wheelock* v. *Hastings*, 4 Met. 504. The *St.* of 1844, *c.* 178, § 9, adds to the causes enumerated in *St.* 1838, for proceeding against a debtor *in invitum*, certain other causes, and provides that, when any of those additional causes are stated in a petition for a seizure of the debtor's estate, notice of the petition shall be given to the debtor, and a hearing granted to him, before a warrant to seize his estate shall be issued. These new causes all regard the *intentions* with which the debtor does certain acts ; and he *therefore* is entitled to an opportunity to make explanations. But no provision is made for notice, when the creditor proceeds, as in the case at bar, on a cause enumerated in *St.* 1838. Indeed, by § 12 of *St.* 1844, the creditor is expressly authorized, in case of a debtor's not dissolving an attachment, to proceed " in the manner provided for in said act " of 1838. The creditor has so proceeded in this case.

Shaw, C. J. The successive statutes for the relief of insolvent debtors, and a more equal distribution of their effects, being avowedly made in amendment of the original act of 1838, they must be construed together, as statutes *in pari materiâ*, and must be so construed, if practicable, as to constitute one entire and harmonious system of regulations. The *St.* of 1844, *c.* 178, is entitled an act in further addition to the original act. It provides, § 9, that in addition to the causes enumerated in the original act, in which proceedings may be commenced by creditors against the will of the debtor, certain other causes stated shall be deemed sufficient, upon which any creditor may by petition apply, &c., as in the original act. It then adds, " and thereupon the judge of probate or master in chancery, after notice of the presentment of the petition, given to the debtor, &c., if the facts set forth in the petition shall appear to be true, shall issue his warrant." The question is, whether this clause requires notice to the debtor, when the cause for proceeding is one of those enumerated in the old statute, which did not require notice before issuing the warrant. The question is not without difficulty. But, taking the two statutes together and believing that the legis-

lature intended that the proceedings should be uniform and alike in all similar cases, and there being no apparent reason why previous notice should be given in one case and not in the other, the court are of opinion, that when the *St.* of 1844 refers to certain cases in which the creditors may proceed adversely, and then adds certain others of a like kind, they are all to be taken as a class; and then, when it is directed that notice shall be first given, such direction applies to the whole class, and not to the additional causes only. The court are therefore of opinion that the warrant in this case issued prematurely; that the master had not jurisdiction; and that the injunction to stay all proceedings must be made perpetual